Dargan, Ch.
delivered the opinion of the Court.
From the facts of the case, as reported in the bill, it appears that the distributees, who were the children of Randolph Murrel, being all of age and sui juris, had a settlement, which was stated for them by the Ordinary of the district, though not in the form of a decree, nor in his judicial character. The settlement was intended to be in full, and the parties gave discharges in full to the defendants, who were the administrators, with the exception of one thousand dollars of the funds of the estate, which by the agreement of all parties was to be left in their hands. Out of the interest of this sum, an aged grand-mother of the parties, who was without the means of support, was to be maintained during her life, and at her death the principal was to be subject to distribution, as a part of the estate of Randolph Murrel. This sum was ascertained and set apart, and left in the hands of the defendants. .All the rest of the estate was intended to be settled, and a distribution made according to the rights of the parties.
But the defendants, who were the two oldest sons of the intestate, had received lands from their father in his life time, which the complainants in this bill contend were advancements, and that the value of these lands, as advancements, was not included, but should have been included, in the aforesaid settlement. In this settlement, advancements were taken into the eslimate and were rendered in by the parties themselves. The lands given by the testator to the defendants were not on that occasion claimed to be considered in the light of *153 advancements, though the consideration upon which they were given must, from the evidence, have been known to the, complainants. The consideration alleged by the father for the conveyance of these lands to the defendants, was that they Avere his oldest sons, and that he being poor, they had worked for him like negroes, and had greatly assisted in laying the foundation of his estate, and that they were fairly entitled, as a matter of justice, to an extra share. It also appeared, that during the time the services were being rendered the father held out promises of remuneration to his sons for their extraordinary exertions, to be realized in the distribution of his estate, and thus stimulated them to an uncommon degree of activity in his service.
The Chancellor, under this state of facts, considered that though a parent is entitled to the services of his children while under age, he may waive his right and may make the services of his children the consideration of a contract or promise, and that he may give property bona fide in the performance of such obligation of justice, without its being subject to a claim on the part of the other children to consider it in the light of an advancement. The Chancellor says “it would deserve consideration whether these conveyances, considered in the light of advancements, were not concluded by the settlement. But my opinion is that the defendants are not accountable for the value of these lands. They Avere not advanced (in the sense in which the statute uses the word) by these conveyances, although the lands were given to them by their father.”
This Court is entirely satisfied with what the Chancellor has said on this question of advancements, and it is deemed unnecessary to add any thing to the views he has presented on that subject.
But it is deemed of importance to say that in the opinion of this Court the complainants are concluded from making, the question as to the alleged advancements, in consequence of the settlement which they had, and which was intended to be final and conclusive, save only as to the thousand dollars reserved for the use of their grand mother during her life. They have no right to open that settlement except upon the-allegation and proof of fraud, misrepresentation, concealment or mistake of facts. And as a matter of pleading, the bill should state the specific ground upon which it is sought that the account should be opened and relief be given, in order that the defendants may meet the case made in the bill fairly. If parties come to a settlement, and will not see their rights; in their true character, or use proper diligence in ascertaining them, or, perceiving their rights, think proper by their silence to Avaive them; there is no reason why this Court or any other should be called upon to protect them from the conse *154 quences of their own default or folly. There are but few set: tlements or accountings in which, by a searching scrutiny, some errors or omissions might hot be detected. And this Court will not open them when by a pioper vigilance they might have been guarded against, and unless some of the circumstances above adverted to as affording grounds for relief are alleged and proved. A party fully competent to protect himself; under no disability; advised as to all circumstances by which he may be saved in his rights; or in a situation where he might, by due diligence, be so advised; not over-reached by fraud, concealment or misrepresentation, nor the victim of a mistake against which prudence might have guarded ; has no right to call upon Courts of Justice to protect him against the consequences of his own carelessness, and to disturb the peace of society by his clamors for that justice which he has voluntarily or negligently surrendered. More especially is it wise that these family settlements should not be disturbed upon light grounds. The criminations and recriminations incident to such proceedings oftentimes sunder forever the ties of consanquinity and result in the disruption of the friendships of a long life. What is true as to families in this particular, is true as to the interests of society in general. The rule, from the foregoing considerations, is vindicated upon principle. It is not less strongly sustained by authority. For it will be perceived, that every thing which Í have said is supported by decisions which are directly in point.
B otefaur v. Rliame, 1 McCord Ch. Rep. 161: RadcliiTe v. 'Wighlman, lb. 452. Porter v. Cain, McMullan’s Eq. Rep 1 Story’s Eq. Sec. 138. Stockley v. Stockley, 1 Yesey and Beams, 29.
The decree is affirmed and the appeal is dismissed.
Johnston, Cit. and Caldwell, Ch. concurred.
Donkin, Ch. absent at the hearing.
Decree affirmed,